UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE M. RIGSBAY, | No. 2:14-cv-2813-EFB |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security | |
| Defendant. | |

Plaintiff, proceeding pro se, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. Also pending is the court's October 7, 2015 order to show cause. ECF No. 17. For the reasons discussed below, the order to show cause is discharged, plaintiff's motion for summary judgment is denied, and the Commissioner's cross-motion is granted.

I.   ORDER TO SHOW CAUSE

On April 29, 2015, defendant filed the administrative record and an answer to the complaint. ECF Nos. 12, 13. Pursuant to the court's scheduling order, plaintiff was required to file a motion for summary judgment and/or remand within 45 days of the date the administrative

record was served or, in this instance, by June 13, 2015. ECF No. 5 at 2. She failed to do so, and on October 7, 2015 the court ordered her to show cause why sanctions should not be imposed for failure to timely file a motion for summary judgment. ECF No. 17. Plaintiff was also ordered to file her motion for summary judgment no later than October 21, 2015. *Id.*

Plaintiff timely responded, indicating that she had not filed any documents with the court because the clerk's office informed her that she needed to wait for the court to review her case. ECF No. 18. She further states that she has attempted to obtain counsel, but has not been able to find an attorney that will take her case. *Id.* She submitted with her response a one page document, which the court construes as plaintiff's motion for summary judgment, containing her arguments as to why she believes she is disabled within the meaning of the Act. ECF No. 18-1.

In light of plaintiff's representations and her pro se status, the order to show cause is discharged, no sanctions are imposed, and the court addresses the merits of her challenge to the denial of benefits.

II.  BACKGROUND

Plaintiff filed applications for a period of disability, DIB and SSI, alleging that she had been disabled since June 6, 2011. Administrative Record ("AR") 180-191. Her applications were denied initially and on reconsideration. *Id.* at 101-104, 108-112. On March 13, 2013, a hearing was held before administrative law judge ("ALJ") L. Kalei Fong. *Id.* at 40-78. Plaintiff was represented by counsel at the hearing, at which she and a vocational expert ("VE") testified. *Id.*

On January 11, 2013, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d) and 1614(a)(3)(A) of the Act.[1] *Id.* at 22-34. The ALJ made the

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.* Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq.* Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed

2

following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2015.

2. The claimant has not engaged in substantial gainful activity since June 6, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*, 416.971 *et seq.*).

3. The claimant has the following severe impairments: degenerative disc disease of the cervical and lumbar spine; bipolar disorder (20 CFR 404.1520(c) and 416.920(c)).

   \* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

   \* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) in that she can lift and carry 20 pounds occasionally and 10 pounds frequently; can stand, walk and sit six hours of an eight hour day; can climb ramps, stairs, crawl, stoop frequently but she cannot climb ladders, ropes or scaffolds; should avoid concentrated exposure to hazards (i.e. dangerous machinery, unprotected heights). She can do only simple repetitive tasks; can interact with supervisors frequently but only

---

to step two.
   Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
   Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
   Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
   Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

3

occasionally with co-workers and the public; should avoid work in a competitive work environment.

\* \* \*

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965)

\* \* \*

7. The claimant was born on September 16, 1964 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to able to communicate in English (20 CFR 404.1568 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 32-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

\* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 6, 2011, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

*Id.* at 24-34.

Plaintiff's request for Appeals Council's review was denied on August 21, 2014, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6. Plaintiff subsequently filed this action, seeking review of the Commissioner's decision.

III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## IV. ANALYSIS

Plaintiff's one page motion for summary judgment does little more than summarize her alleged impairments and express her contention that she is disabled. ECF No. 18-1. She claims that she has bipolar disorder, degenerative disc disease, neuropathy, paranoia, and "open space in [her] neck." *Id*. She further states that she has a doctor's note indicating that she will not be able to work until 2059. *Id*. She claims that she cannot sit or stand for too long, stoop, lift anything over 5 pounds, or walk through a store. *Id*. She indicates that she has completed physical therapy for her back and anticipates participating in six weeks of physical therapy for her neck. *Id*. She also contends that she has to be reminded to take her medications, and that she has been unable to obtain employment because employers view her as a liability due to her health issues. *Id*.

Plaintiff, however, advances no arguments as to why the ALJ erred in assessing her claim for disability. Although the court is required to liberally construe a pro se litigant's filings, a pro se litigant is still required to establish her right to relief on the claims asserted. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). Thus, without any claims or argument, the court is unable to grant plaintiff's motion for summary judgment. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("[C]laimant carries the initial burden of proving a disability."); *Indep. Towers of Wash. V. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (the court "cannot

manufacture arguments for an appellant . . . ."); *Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 873 (9th Cir. 2001) (finding that the appellant's failure to develop his argument rendered it incapable of assessment by the court); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address whether the ALJ properly rejected claims of memory problems because the plaintiff "failed to argue this issue with any specificity in his briefing.").

Moreover, a review of the record indicates that the ALJ's decision is supported by substantial evidence and that the proper legal standard was applied. With respect to plaintiff's credibility, the ALJ found that plaintiff's statements concerning the intensity, persistent and limiting effects of her symptoms were not fully credible for multiple reasons. AR 29. The ALJ noted that plaintiff's allegations were not supported by findings made upon physical examination and in medical imagery. *Id*. An X-ray of the cervical spine showed only mild degenerative changes. *Id*. at 321. Her lumbar spine showed moderate-sized severe degenerative disk space narrowing, but with no compression deformity. *Id*. at 321, 591. Physical examination reflected that plaintiff's reflexes were intact, strength was normal, straight leg raise testing was negative, and she had full range of motion. *Id*. at 321, 324, 426-436. Only on one occasion were back spasms noted. *Id*. at 323. The ALJ properly discounted plaintiff's allegations—which included claims of severe back pain, fatigue, and weakness—based on these minimal medical findings. *See Burch*, 400 F.3d at 681 (while an ALJ may not rely solely on a lack of objective medical evidence to support an adverse credibility finding, it is a relevant consideration in assessing credibility).

The ALJ also found that plaintiff's impairments were controlled by ordinary and routine medical treatment. AR at 29. Medical records reflect that plaintiff reported that "overall she feels good," she was doing well with physical therapy and home exercise, and her physical therapist reported that her lumbar and cervical spine improved with therapy. *Id*. at 431, 662, 624. Further, as noted by the ALJ, the record does not indicate any referrals to a specialist for plaintiff's back pain, plans for epidural steroid injections, nor any evaluation or recommendation for surgery. *Id*. at 30. The ALJ permissibly discounted plaintiff's subjective statements given her positive response to conservative treatment. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir.

1  2007) (evidence of "conservative treatment" is "sufficient to discount a claimant's testimony
2  regarding severity of an impairment."); *see also Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d
3  1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are
4  not disabling for the purpose of determining eligibility for SSI benefits.").

5  As for plaintiff's allegations of mental impairments, the ALJ observed that while an
6  examining physician diagnosed plaintiff with bipolar disorder, there are no records of mental
7  health issues. AR at 30. The lack of treatment also provided a sufficient basis for discounting
8  plaintiff's subjective complaints. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (an ALJ
9  may discredit a plaintiff's subjective complaints based on an unexplained or inadequately
10 explained failure to seek treatment).

11 As to medical opinion evidence, the ALJ considered the opinion from plaintiff's treating
12 physician Dr. Jamall El-Khal, who opined that plaintiff could stand, walk and sit for less than two
13 hours in an eight hour day; lift and carry 10 pounds frequently and 20 pounds rarely; could do no
14 stooping or bending and must avoid fumes, extreme temperatures, humidity and dust. AR 568-
15 572. The ALJ rejected Dr. El-Khal's opinion in favor of examining physician Dr. David Hoenig,
16 finding that the extreme limitations assessed by Dr. El-Khal's were not supported by diagnostic
17 testing and imagery, as well as the minimal abnormal physical exam findings. *Id*. at 32. The
18 inconsistency between medical evidence and Dr. El-Khal's opinion was a proper basis for
19 rejecting his opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (an ALJ may
20 reject a treating physician's opinion that is inconsistent with other medical evidence, including
21 the physician's own treatment notes).[2]

22 Furthermore, Dr. Hoenig, whose opinion was accorded great weight, conducted a
23 complete neurological examination and concluded that plaintiff retained the ability to perform
24 medium work. AR 712-723. Dr. Hoenig's opinion, which was based on an independent

---

[2] The ALJ also considered and rejected an opinion from plaintiff's physical therapist Luke Snapp, whose opinion was substantially similar to Dr. El-Khal's opinion. AR 31, 561-565. In addition to finding that Mr. Snapp's opinion was inconsistent with the minimal clinical exam findings and results from diagnostic testing and imagery, the ALJ also observed that Mr. Snapp is not "an acceptable medical source" under the SSA's regulations. *See* 20 C.F.R. §§ 404.1527(e) and 416.927(e).

1  examination of plaintiff, constitutes substantial evidence supporting the ALJ's RFC
2  determination. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("Where the opinion of
3  the claimant's treating physician is contradicted, and the opinion of a nontreating source is based
4  on independent clinical findings that differ from those of the treating physician, the opinion of the
5  nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to
6  resolve the conflict.").

7      The ALJ also considered medical opinion evidence concerning plaintiff's mental
8  limitations. Both examining psychiatrist Dr. Keith Whitten and non-examining psychologist Brad
9  Williams, Ph.D., opined that plaintiff could perform simple and repetitive work tasks on a
10 consistent basis, but would need to be limited to incidental interpersonal contact. AR 508-512,
11 521-523. The ALJ accorded great weight to Drs. Whitten and Williams's opinion that plaintiff
12 could perform simple and repetitive tasks on a consistent basis, but rejected their opinion that
13 plaintiff was limited to incidental contact with others. *Id*. at 30. The ALJ also rejected Dr.
14 Whitten's opinion that plaintiff may not be able to complete a work week without interruption
15 from her psychiatric symptoms or deal with the usual stresses of work. *Id*. The ALJ concluded
16 that the these limitations were inconsistent with plaintiff's own reports regarding living with a
17 long term friend and family members, ability to manage her own finances, and perform an
18 ordinary range of activities of daily living. *Id*.; *see id*. at 260-262.

19     For instance, in her functional report plaintiff indicated that her impairments did not affect
20 her memory and ability to concentrate, understand, complete tasks, follow instructions, and get
21 along with others. *Id*. at 265. She also stated that her ability to deal with stress was "O.K." *Id*. at
22 266. While plaintiff reported that she did not engage in any social activities, this was attributed to
23 her inability to stand or sit for prolonged periods of time. *Id*. at 265. She also reported to Dr.
24 Whitter that she takes care of her own personal hygiene, has friends, and lives with her family and
25 a roommate, but that she doesn't "go out much" due to her physical impairments. *Id*. at 509. The
26 ALJ properly rejected those portions of Drs. Whitten and Williams's opinions that were
27 /////
28 /////

inconsistent with plaintiff's own reports concerning her functional limitations. *See Morgan*, 169 F.3d at 601–602 (9th Cir. 1999) (an ALJ may reject an examining physician's opinion that is inconsistent with other evidence in the record, including plaintiff's reported daily activities.).

Accordingly, the court finds that the ALJ did not err in finding that she was not disabled, and therefore there is no basis for granting plaintiff's motion for summary judgment.

## V.     CONCLUSION

For the reasons stated above, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's cross-motion for summary judgment is granted; and

3. The Clerk is directed to enter judgment in the Commissioner's favor.

DATED: March 30, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE